| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

CALVIN GARY WALKER, §
WALKER'S ELECTRIC, WALKERS §
ELECTRIC, and JESSIE HAYNES, §
§
      Plaintiffs, §
§
*versus* §   CIVIL ACTION NO. 1:15-CV-379
§
BEAUMONT INDEPENDENT §
SCHOOL DISTRICT, AARON §
COVINGTON, LEROY SALEME, *et al.*, §
§
      Defendants. §

**MEMORANDUM ORDER ON REPORT AND RECOMMENDATION**

Pending before the court is Plaintiffs' Calvin Walker ("Walker"), Walker's Electric, Walkers Electric, and Jessie Haynes's ("Haynes") (collectively, "Plaintiffs") Objections to Magistrate Judge's Report and Recommendations on Defendants' Motions to Dismiss Under the Texas Citizens Participation Act ("TCPA") (#175), TEX. CIV. PRAC. & REM. CODE § 27.001 *et seq.*, and Plaintiffs' Motion for Leave to File Supplemental Complaint (#162). The court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial motions (#55). On January 22, 2015, Judge Giblin issued a report and recommendation in which he recommended that the court grant Defendants Wayne Reaud ("Reaud"), Jennifer Johnson ("Johnson"), Don Dodd ("Dodd"), The Examiner Corporation (collectively, "Examiner Defendants"), Jerry Jordan ("Jordan"), and Michael Getz's ("Getz") (collectively, "Defendants") motions to dismiss under Texas Civil Practice and Remedies Code § 27.001 *et seq.* (#'s 16, 65, 73). Pursuant to 28 U.S.C. § 636(b)(1), the court conducted a *de novo* review of the magistrate judge's findings, the record, the specific objections, and the

applicable law in this proceeding. After review, the court finds that Judge Giblin's findings should be accepted.

I. Background

Walker is a master electrician and owner of Walker's Electric, a company offering electrical services in Beaumont, Texas. Haynes is the former Communications Director of Beaumont Independent School District ("BISD"). Plaintiffs assert that they are the victims of an extensive, decade-long conspiracy designed to prevent African-American individuals in Beaumont from gaining power and influence in order to perpetuate "white dominion over Beaumont local politics." They assert that this conspiracy involved at least 35 organizations and individuals in the Beaumont area, including the Defendants.[1] Against these Defendants, Walker asserts claims of defamation, tortious interference with contract, civil conspiracy, Racketeer Influenced and Corrupt Organizations ("RICO") racketeering under 18 U.S.C. § 1962(a) and (c), and RICO conspiracy under 18 U.S.C. § 1962(d). Haynes asserts claims of RICO racketeering under 18 U.S.C. § 1962(c) against Reaud, Jordan, and Getz and RICO conspiracy under 18 U.S.C. § 1962(d) against all the Defendants.

Defendants each filed motions to dismiss Plaintiffs' claims pursuant to the TCPA. Judge Giblin conducted an oral hearing on the matter on January 14, 2016, and issued recommendations on January 22, 2016, that this court grant Defendants' motions and dismiss Plaintiffs' claims in their entirety. On February 5, 2016, Plaintiffs filed objections to the magistrate judge's

---

[1] Reaud is a local attorney and owner/controller of The Examiner Corporation, which owns *The Examiner*, a local newspaper. Johnson and Dodd are employees and writers for *The Examiner*. Jordan owns and controls SETInvestigates.com, a website that reports on matters of public interest. Getz is a local attorney.

recommendation, and Reaud and the Examiner Defendants filed their response on February 10, 2016. Plaintiffs object on five grounds: (1) the Federal Rules of Civil Procedure ("FRCP") do not permit the court to dismiss Plaintiffs' claims at this stage of the proceedings; (2) the TCPA cannot be used to dismiss federal causes of action in a federal court; (3) Walker provided sufficient evidence that Defendants' alleged statements were false and defamatory; (4) Walker's claims are not barred by limitations; and (5) Plaintiffs otherwise allege sufficient facts to establish their claims as required by the TCPA.

II.    Discussion

    A.    Dismissal of Plaintiffs' Claims at This Stage of Proceedings

Plaintiffs first object that the court cannot dismiss their claims under the TCPA at this stage of the proceedings because to do so would conflict with FRCP 12 and 56. FED. RS. CIV. P. 12, 56. Plaintiffs cite *Mitchell v. Hood* and *Adelson v. Harris* in support of their position.[2] This is a new argument that was not presented to the magistrate judge, and, thus, is not properly before the court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001) ("We have held that issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge.") (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *Imperium (IP) Holdings, Inc. v. Apple, Inc.*, 920 F. Supp. 2d 747, 752 (E.D. Tex. 2013) ("[E]vidence and arguments presented for the first time upon objection to a report and recommendation need not be considered."). Until the filing of their objections, Plaintiffs had not contested the applicability of the TCPA to their claims at this or any stage of the proceedings,

---

[2] *Mitchell v. Hood*, 614 F. App'x 137 (5th Cir. 2015); *Adelson v. Harris*, 774 F.3d 803 (2d Cir. 2014).

despite submitting numerous briefs in response to Defendants' motions to dismiss. In fact, Plaintiffs even agreed to an expedited hearing to determine whether the TCPA required that their claims be dismissed. Further, Plaintiffs expressly conceded to Judge Giblin at the oral hearing that the TCPA applied to all of Plaintiffs' claims in this case, including Plaintiffs' claims of RICO racketeering and RICO conspiracy. *See Ergo Sci., Inc. v. Martin*, 73 F.3d 595, 600 (5th Cir. 1996) (citations omitted) ("The doctrine of judicial estoppel prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding."). Therefore, the court declines to consider their argument now.

Even if the court were to consider Plaintiffs' new theory, they would not prevail on their objection. As noted in the magistrate judge's recommendation, the TCPA is enforceable in a federal court sitting in diversity jurisdiction. *Williams v. Cordillera Commc'ns, Inc.*, No. 2:13-CV-124, 2014 WL 2611746, at *2 (S.D. Tex. June 11, 2014); *see NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 746 (5th Cir. 2014) (applying TCPA); *see also Brown v. Wimberly*, 477 F. App'x 214, 216 (5th Cir. 2012) (holding that Louisiana's nearly identical anti-SLAPP[3] statute was enforceable in a federal court sitting in diversity jurisdiction) (citing *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164 (5th Cir. 2009)). Plaintiffs now object to the application of the TCPA to their claims on the grounds that the court cannot use the TCPA to dismiss claims "at the pleading stage," citing *Mitchell v. Hood* in support of their contention that the Fifth Circuit has decided that anti-SLAPP provisions cannot be applied because they conflict with the FRCP. *See generally Mitchell*, 614 F. App'x at 137. *Mitchell*, however, in no way

---

[3] Statutes such as the TCPA are commonly referred to as "anti-SLAPP" statutes, which is an acronym for "strategic litigation against public participation." *NCDR, L.L.C.*, 745 F.3d at 746 n.3.

supports Plaintiffs' argument. *Id.* at 140 n.1 (noting only that federal courts of appeals disagree as to whether anti-SLAPP provisions apply in federal court and stating "[b]ecause we decide this case on alternative [federal-law] grounds, we need not decide whether Louisiana's anti-SLAPP law is appropriately asserted in a federal diversity case."). Plaintiffs' use of *Adelson v. Harris* is similarly unpersuasive. *See generally Adelson*, 774 F.3d at 803. In *Adelson*, the United States Court of Appeals for the Second Circuit held that Nevada's anti-SLAPP provision generally applied in federal courts sitting in diversity jurisdiction. *Id.* at 809 (but noting that some circuits, such as the United States Court of Appeals for the District of Columbia, have held that anti-SLAPP provisions do not apply in federal court) (citing *Abbas v. Foreign Policy Grp., L.L.C.*, 783 F.3d 1328, 1334 (D.C. Cir. 2015)). The *Adelson* court, however, did not hold that a plaintiff's claim could not be dismissed "at the pleading stage," and, in fact, declined to decide whether the mandatory stay on discovery required by Nevada's anti-SLAPP law conflicted with FRCP 56 because the district court in the case had appropriately stayed discovery under FRCP 56, not under Nevada law. *Id.*

Here, although the magistrate judge stayed discovery in this case until he could resolve the multiple motions to dismiss pending before the Court (#125), it is clear that this was done according to a federal trial court's inherent power to stay discovery and the FRCP, not the TCPA. *See Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (citing *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). Further, Plaintiffs did not respond to Defendants' motion to stay discovery, did not seek limited discovery under the TCPA, and did not oppose Defendants' motion to hold an expedited hearing. *See* Tex. Civ. Prac. & Rem. Code § 27.006(b) (West 2015) (allowing limited discovery upon a showing of good cause). Plaintiffs' objection is overruled.

5

### B. The TCPA's Application to Federal Causes of Action

As stated above, Plaintiffs previously told Judge Giblin in open court that the TCPA applied to all of their claims against the Defendants, including their claims of RICO racketeering and RICO conspiracy. This concession was in response to Judge Giblin's direct question on the matter. Accordingly, the magistrate judge held that Defendants had met their burden of establishing by a preponderance of the evidence that the TCPA applied to all of Plaintiffs' causes of action. Now, however, Plaintiffs contend that the TCPA cannot be used to dismiss federal claims asserted through a court's federal-question jurisdiction and have cited a number of supporting cases from the United States Court of Appeals for the Ninth Circuit. *E.g.*, *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010). Because, however, this is the first time that Plaintiffs have contested the issue—and, in fact, advanced the opposite position at the oral hearing—Defendants have not been afforded an opportunity to brief or argue the issue, and the applicable Fifth Circuit precedent is unsettled. Therefore, the issue of whether the TCPA can be applied to Plaintiffs' RICO claims is not properly before this court. Plaintiffs' objection is overruled.

### C. Substantial-Truth Doctrine

Walker further objects to the magistrate judge's recommendation that the court dismiss his defamation claims against Defendants on the grounds that Walker failed to provide clear and specific evidence of the falsity of any of Defendants' statements and, alternatively, that Defendants had proven the substantial truth of the statements and newspaper articles at issue as a defense to Walker's claims of defamation. Citing case law and record evidence that was before Judge Giblin at the time he issued his report and recommendation, Walker asserts that Judge Giblin improperly

applied *Turner v. KTRK Television, Inc.* and also misapplied the relevant case law regarding the substantial-truth doctrine by failing to consider each article as a whole in light of the surrounding circumstances as asserted in the Fourth Amended Complaint (#144). *See generally Turner*, 38 S.W.3d 116 (Tex. 2000).

Walker's objection is without merit. Judge Giblin provided ample legal support for his analysis of the substantial truth of Defendants' statements and articles. Further, Judge Giblin properly considered each article as a whole in light of the surrounding circumstances as asserted in the Fourth Amended Complaint and correctly applied the meaning that an ordinary person would attribute to each article and statement as required under the substantial-truth doctrine. After considering *de novo* the record and relevant case law, the court agrees that the allegedly defamatory articles and statements identified in Walker's Fourth Amended Complaint are substantially true under Texas law and thus cannot support an actionable defamation claim. Walker's objection on this issue is overruled.

D.  Statute of Limitations

Walker objects that the magistrate judge erred in finding that Walker's defamation claims are barred by a one-year statute of limitations on the grounds that the single-publication rule, under which the statute of limitations for newspaper articles begins to run when publication is first complete, does not apply to Internet publications. Judge Giblin, however, provided significant legal authority in support of his finding that the United States Court of Appeals for the Fifth Circuit applies the single-publication rule to Internet publications under Texas law and that all subsequent cases from Texas Courts of Appeals have agreed with the Fifth Circuit's analysis. Additionally, Judge Giblin directly discussed *Mayfield v. Fullhart*, which Walker cites in his

7

objections. 444 S.W.3d 222, 228 (Tex. App.—Houston [1st Dist.] 2014, pet. filed). Judge Giblin did not err in his application of governing Fifth Circuit and Texas legal precedent in finding that the single-publication rule applies to Internet publications and that Defendants, relying entirely on Plaintiffs' own complaint and attached exhibits, met their burden under the TCPA of proving that Walker's claims are barred by limitations. The court agrees with the magistrate judge's analysis and findings. Therefore, Walker's objection is overruled.

      E.     <u>Walker's Claims of Defamation, Tortious Interference, and Civil Conspiracy</u>

Finally, Walker objects to the magistrate judge's dismissal of Walker's claims of tortious interference and civil conspiracy because those dismissals were based on the magistrate judge's dismissal of Walker's defamation claims. The court has already overruled Walker's objections regarding his defamation claims. Further, the court agrees with Judge Giblin's finding that Walker, who conceded that he is a public figure, failed to provide clear and specific evidence of actual malice required to succeed on his defamation claims, without regard to the outcome of the limitations and substantial-truth issues. Therefore, the court accepts Judge Giblin's recommendation that Walker's claims of tortious interference and civil conspiracy be dismissed to the extent they rely on the alleged defamation as well as for the multiple other grounds set forth in Judge Giblin's report.

      F.     <u>Leave to File Supplemental Complaint</u>

In light of the foregoing analysis, the court denies Plaintiffs' Motion for Leave to File Supplemental Complaint (#162), seeking to add additional statements by Getz that are largely identical to the statements already before the court in this matter. Because, however, the court has found that Walker's defamation claims are otherwise barred by Defendants' substantial-truth

defense and lack of evidence of actual malice, the court's decision to dismiss Walker's defamation claims would not change even if it were to consider Plaintiffs' proposed supplemental complaint. Further, as already noted, Plaintiffs have had more than ample opportunity to amend their complaint.

III.    Conclusion and Order

For the foregoing reasons, the court ORDERS that the magistrate judge's report and recommendation (#170) is ADOPTED. Plaintiffs' objections are OVERRULED. The court further ORDERS that the Defendants' motions to dismiss under the TCPA (#'s 16, 65, 73) are GRANTED and all of Plaintiffs' claims against the Defendants are DISMISSED in their entirety, with prejudice, as set out in Judge Giblin's report and recommendation.

**Signed this date.**

**Feb 10, 2016**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE