UNITED STATES DISTRICT COURT      EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| CALVIN GARY WALKER, WALKER'S ELECTRIC, WALKERS ELECTRIC, and JESSIE HAYNES, <br><br> Plaintiffs, <br><br> *versus* <br><br> BEAUMONT INDEPENDENT SCHOOL DISTRICT, AARON COVINGTON, LEROY SALEME, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. 1:15-CV-379 |

**MEMORANDUM ORDER ON REPORT AND RECOMMENDATION**

Pending before the court are Plaintiffs' Calvin Walker ("Walker"), Walker's Electric, Walkers Electric, and Jessie Haynes's ("Haynes") (collectively, "Plaintiffs") Objections to Magistrate Judge's Report and Recommendation on Defendants' Motions to Dismiss Under the Texas Citizens Participation Act ("TCPA"), TEX. CIV. PRAC. & REM. CODE § 27.001 *et seq.*, and Federal Rule of Civil Procedure 12(b)(6) (#213). The court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial motions (#55). On March 11, 2016, Judge Giblin issued a Report and Recommendation (#195) in which he recommended that the court grant in part and deny as moot in part Defendants Hearst Newspapers II, LLC and Brooke Crum's ("Crum") (collectively "the Enterprise Defendants") motion to dismiss under the TCPA and Rule 12(b)(6) (#168). Pursuant to 28 U.S.C. § 636(b)(1), the court conducted a *de novo* review of the magistrate judge's findings, the record, the specific objections, and the applicable law in this proceeding. After review, the court finds that Plaintiffs' objections should be overruled and Judge Giblin's findings accepted.

The factual and procedural history of this case was laid out in detail in Judge Giblin's Report and Recommendation and will not be repeated here. The court notes, however, that while all Plaintiffs jointly filed the present objections, Judge Giblin recommended that the court dismiss all of Haynes's claims against the Enterprise Defendants based on the Enterprise Defendants' report that counsel for Haynes had informed them that Haynes was not asserting any claims against the Enterprise Defendants and, additionally, that Haynes has asserted no facts in the Fourth Amended Complaint specific to the Enterprise Defendants. Plaintiffs do not object to this recommendation, and the court agrees with the magistrate judge's determination. Therefore, the court will consider Plaintiffs' objections to the Report and Recommendation only as they pertain to Walker and his companies.

Plaintiffs filed their objections to Judge Giblin's Report and Recommendation on March 22, 2016, and assert the following objections: (1) the TCPA does not apply in federal court at a "pleading stage" because it conflicts with the Federal Rules of Civil Procedure; (2) the Enterprise Defendants' news articles are not statutorily privileged because they are not substantially true; (3) the Enterprise Defendants' news articles are not substantially true under Texas common law; (4) the Enterprise Defendants' news articles are not time-barred under Texas' statute of limitations; and (5) Plaintiffs properly pleaded the elements of their Racketeer Influenced and Corrupt Organizations ("RICO") conspiracy.

I. Discussion

    A. Dismissal of Plaintiffs' Claims at This Stage of Proceedings

Plaintiffs first object that the court cannot dismiss their claims under the TCPA at this stage of the proceedings because to do so would conflict with Federal Rules of Civil Procedure 12 and

2

56. FED. RS. CIV. P. 12, 56. Although the Report and Recommendation does not specifically address this argument, this court has done so in its previous Memorandum Order on Report and Recommendation (#178) regarding other Defendants in this case. The court rejects Plaintiffs' contentions based on the same analysis laid out in that order. As the court has previously determined, the TCPA is enforceable in a federal court sitting in diversity jurisdiction. *Williams v. Cordillera Commc'ns, Inc.*, No. 2:13-CV-124, 2014 WL 2611746, at *2 (S.D. Tex. June 11, 2014); *see Cuba v. Pylant*, ___ F.3d ___, 2016 WL 723311, at *2 n.6 (5th Cir. Feb. 23, 2016) (applying the TCPA); *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 746 (5th Cir. 2014) (same); *see also Brown v. Wimberly*, 477 F. App'x 214, 216 (5th Cir. 2012) (holding that Louisiana's nearly identical anti-SLAPP[1] statute was enforceable in a federal court sitting in diversity jurisdiction) (citing *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164 (5th Cir. 2009)). Plaintiffs objection is overruled.[2]

B.  Statutory Privilege

Plaintiffs next assert that the Report and Recommendation erroneously concluded that the Enterprise Defendants' news articles were privileged as fair reports of official proceedings under Texas law. *See* TEX. CIV. PRAC. & REM. CODE § 73.002. Under Texas law, "[t]he publication by a newspaper or other periodical of a matter covered . . . is privileged and is not a ground for a libel action" when it presents "a fair, true, and impartial account" of a number of types of

---

[1] Statutes such as the TCPA are commonly referred to as "anti-SLAPP" statutes, which is an acronym for "strategic litigation against public participation." *NCDR, L.L.C.*, 745 F.3d at 746 n.3.

[2] The court also notes that, even if it were to decide that the TCPA could not be applied at this stage of the litigation, Judge Giblin dismissed all of Plaintiffs' claims, including Plaintiffs' state-law claims, on numerous grounds under Rule 12(b)(6). The court agrees with Judge Giblin with regard to Plaintiffs' state-law claims under Rule 12(b)(6) and addresses Plaintiffs' objections to Judge Giblin's dismissal of their RICO claims below.

government proceedings. *Id.* § 73.002(b)(1)(A)-(D). Additionally, the statute protects "reasonable and fair comment on or criticism of an official act of a public official or other matter of public concern published for general information." *Id.* § 73.002(2). Specifically, Plaintiffs assert that the Report and Recommendation incorrectly determined that the news articles were substantially true when compared to the factual basis and stipulation accompanying Walker's plea agreement.

As explained in detail in Judge Giblin's Report and Recommendation, "[t]he statutory requirement that the published account be true is satisfied if it is substantially correct." *Klentzman v. Brady*, 456 S.W.3d 239, 252-53 (Tex. App.—Houston [1st Dist.] 2014, pet. granted) (citing *Tex. Monthly, Inc. v. Transamerican Nat. Gas Corp.*, 7 S.W.3d 801, 805 (Tex. App.—Houston [1st Dist.] 1999, no pet.)). Even greatly exaggerated accounts are substantially true "if no more opprobrium would be attached to the [plaintiff's] actions merely because of such exaggeration." *Finklea v. Jacksonville Daily Progress*, 742 S.W.2d 512, 515 (Tex. App.—Tyler 1987, writ dism'd w.o.j.); *accord Klentzman*, 456 S.W.3d at 253. "Under section 73.002(b)(2), the proper comparison should be between a news report or broadcast and an otherwise unprivileged record of the state or federal government." *Klentzman*, 456 S.W.3d at 253 (citing *Freedom Commc'ns, Inc. v. Sotelo*, No. 11-050336-CV, 2006 WL 16644602, at *3 (Tex. App.—Eastland June 15, 2006, no pet.) (mem. op.)). Judge Giblin compared a number of government documents submitted by the Enterprise Defendants, including Walker's plea agreement and factual basis and stipulation, to the six news articles at issue in this case and determined that the news articles were substantially true when compared to these documents. The Report and Recommendation provides ample legal support and analysis for these conclusions, and, after considering *de novo* the record and relevant

4

case law, the court agrees with Judge Giblin that the allegedly defamatory news articles are substantially true and, thus, privileged under Texas law.

C. Substantial Truth

Similarly, Plaintiffs object to Judge Giblin's finding that the Enterprise Defendants' news articles are substantially true under Texas common law. Citing case law and record evidence that was before Judge Giblin at the time of the Report and Recommendation, Plaintiffs assert that the news articles at issue are not substantially true. After a *de novo* review of the record and relevant case law, the court finds that Plaintiffs' argument is without merit. The supposedly defamatory statements identified by Walker, which largely consist of relatively minor discrepancies in monetary amounts or variances in the precise language of Walker's plea agreement, do not alter the gist of the news articles as a whole. Therefore, the news articles are substantially true, and Plaintiffs' objection is overruled.

D. Statute of Limitations

Plaintiffs also object to Judge Giblin's determination that Plaintiffs' defamation claims based on the Enterprise Defendants' news articles published on October 18, 2012, and March 11, 2014, are time-barred. Once again, Plaintiffs assert that the single-publication rule does not apply to Internet publications in Texas. This court addressed and rejected Plaintiffs' argument in its previous Memorandum Order on Report and Recommendation (#178). Simply put, the Fifth Circuit has ruled that the single-publication rule applies to Internet publications under Texas law, and this court is bound by that precedent. *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 142 (5th Cir. 2007).

5

Second, Plaintiffs assert that the Report and Recommendation incorrectly determined that the date of publication for the two news articles at issue is apparent from Plaintiffs' pleadings, and, therefore, Plaintiffs' defamation claims based on those news articles are time-barred as a matter of law. Looking at the record and relevant case law *de novo*, the court agrees that there can be no dispute that the October 18, 2012, and March 11, 2014, news articles are time-barred as a matter of law on the basis of Plaintiffs' well-pleaded complaint and attached exhibits. Plaintiffs have affirmatively pleaded the publication dates of both news articles and are not entitled to discovery to determine if their own pleaded facts are incorrect. This objection is overruled.

E.      RICO Claims

Finally, Plaintiffs assert that the Report and Recommendation erroneously determined that Plaintiffs failed to plead an enterprise or pattern of racketeering activity, as required under Rule 12(b)(6) to support their claims of RICO conspiracy. To establish a RICO enterprise, a plaintiff must provide evidence of the existence of an entity separate and apart from the pattern of racketeering activity. *United States v. Turkette*, 452 U.S. 576, 583 (1981). The entity does not have to be a formal or legal entity, but it must have some sort of hierarchical or consensual decision-making structure, and it must exist for purposes other than just to commit predicate acts. *In re McCann*, 268 F. App'x 359, 366 (5th Cir. 2008); *United States v. Blesdoe*, 674 F.2d 647, 663 (8th Cir. 1982). A plaintiff establishes the existence of an enterprise by providing "evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Turkette*, 452 U.S. at 583. For an informal enterprise, known as an association-in-fact enterprise, the "group need not have a hierarchical structure or a 'chain of command'; decisions may be made on an ad hoc basis and by any number of methods—by

6

majority vote, consensus, a show of strength, etc." *Boyle v. United States*, 556 U.S. 938, 948 (2009). "Members of the group need not have fixed roles; different members may perform different roles at different times . . . ." *Id.* Further, "while the proof used to establish these separate elements may in particular cases coalesce, proof of one does not necessarily establish the other. The 'enterprise' is not the 'pattern of racketeering activity.'" *Id.* Plaintiffs must "plead specific facts, not mere conclusory allegations which establish the enterprise." *Manax v. McNamara*, 842 F.2d 808, 811 (5th Cir. 1988). "[A] RICO plaintiff must plead the specified facts as to each defendant. It cannot . . . 'lump[ ] together the defendants.'" *In re MasterCard Int'l, Inc., Internet Gambling Litig.*, 132 F. Supp. 2d 468, 476 (E.D. La. 2001), *aff'd*, 313 F.3d 257 (5th Cir. 2002) (quoting *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 730 (7th Cir. 1988)). The court agrees with the Report and Recommendation that Plaintiffs' pleading of an enterprise in the Fourth Amended Complaint is wholly conclusory and unsupported by facts.

With regard to the element of a pattern of racketeering activity, Plaintiffs object to Judge Giblin's determination that, while Plaintiffs had adequately pleaded four RICO predicate acts, there was no threat of continuing criminal activity because all four acts occurred during and in relation to Walker's criminal trial. Plaintiffs object on the grounds that Judge Giblin did not consider Plaintiffs' other alleged predicate acts, namely defamation and online harassment, in determining whether there was a pattern of racketeering activity. As a matter of law, however, none of the purported acts in the Fourth Amended Complaint are RICO predicate acts, aside from the four identified in the Report and Recommendation. 18 U.S.C. § 1961(1). Therefore, Judge Giblin did not err in excluding them from his analysis of whether Plaintiffs pleaded a pattern of racketeering activity. This objection is overruled.

7

II.     Conclusion and Order

For the foregoing reasons, the court ORDERS that the magistrate judge's Report and Recommendation (#195) is ADOPTED. Plaintiffs' objections (#213) are OVERRULED. The court further ORDERS that the Enterprise Defendants' motion to dismiss (#168) is GRANTED IN PART and DENIED AS MOOT IN PART, as set out in Judge Giblin's Report and Recommendation. Specifically, the Enterprise Defendants' motion to dismiss under the TCPA is GRANTED as to Walker's claims of defamation, tortious interference, and civil conspiracy and DENIED AS MOOT as to Plaintiffs' claims under RICO. The Enterprise Defendants' motion to dismiss under Rule 12(b)(6) is GRANTED as to all of Plaintiffs' claims. Accordingly, all of Plaintiffs' claims against Hearst Newspapers II, LLC (sued as "The Beaumont Enterprise") and Brooke Crum are DISMISSED in their entirety, with prejudice.

SIGNED at Beaumont, Texas, this 24th day of March, 2016.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE