| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

CALVIN GARY WALKER, §
WALKER'S ELECTRIC, WALKERS §
ELECTRIC, and JESSIE HAYNES, §
　　　　　　　　　　　　　　　　§
　　　　Plaintiffs, §
　　　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 1:15-CV-379
　　　　　　　　　　　　　　　　§
BEAUMONT INDEPENDENT §
SCHOOL DISTRICT, AARON §
COVINGTON, LEROY SALEME, *et al.*, §
　　　　　　　　　　　　　　　　§
　　　　Defendants. §

**ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pending before the court are Plaintiffs' Calvin Walker ("Walker"), Walker's Electric, Walkers Electric, and Jessie Haynes's ("Haynes") (collectively, "Plaintiffs") Objections to Magistrate Judge's Report and Recommendation on International Brotherhood of Electrical Workers' ("IBEW") Motion to Dismiss (#127). The court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial motions (#55). On June 17, 2016, Judge Giblin issued a Report and Recommendation (#240), wherein he recommended that the court grant in part and deny in part the IBEW's motion, dismiss Plaintiffs' claims against the IBEW in their entirety, and dismiss the IBEW as a party to this case. Plaintiffs filed timely objections (#247) to the report and recommendation. The court has reviewed Plaintiffs' objections and concludes that they are without merit. Therefore, the court adopts the report and recommendation of the magistrate judge.

The factual and procedural history of this case was laid out in detail in Judge Giblin's Report and Recommendation and will not be repeated here. On June 29, 2016, Plaintiffs filed their objections to Judge Giblin's report and recommendation on four grounds: (1) Walker's claims of tortious interference and civil conspiracy are not preempted by the exclusive jurisdiction of the National Labor Relations Board ("NLRB"); (2) Judge Giblin erroneously found that Walker had failed to plead vicarious liability; (3) Walker's claims for tortious interference and civil conspiracy are not barred by limitations; (4) Plaintiffs have properly pleaded all of the elements of their claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a), (c), (d); and (4) that the IBEW cannot be dismissed from this case because its participation in a civil and RICO conspiracy makes it jointly and severally liable for the conduct of all members of the conspiracy.[1]

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *accord Bank of America, N.A. v. Ingram*, No. 1:12-cv-55, 2012 WL 2524274, at *1 (E.D. Tex. June 29, 2012);

---

[1] Plaintiffs somewhat confusingly make all of their objections on behalf of all Plaintiffs. Walker, however, is the only plaintiff to assert state-law tort claims against the IBEW. Therefore, Haynes's objections to the dismissal of her state-law claims are denied on the grounds that she has asserted no such claims against the IBEW.

2

*Flynn v. State Farm Fire & Cas. Ins. Co. (Tex.)*, 605 F. Supp. 2d 811, 813 (W.D. Tex. 2009); *Savage v. Barnhart*, 372 F. Supp. 2d 922, 924 n.1 (S.D. Tex. 2005). Here, the court has undertaken a *de novo* review of the report and recommendation and concludes that Plaintiffs' objections are without merit.

I.  Discussion

   A.  Preemption by the Exclusive Jurisdiction of the NLRB

Plaintiffs assert that their claims of tortious interference and civil conspiracy are not preempted by the exclusive jurisdiction of the NLRB because they do not present an identical controversy to that which would be presented to the NLRB, because they involve matters about which the state has a strong interest in regulating, and because there is little risk of inconsistent holdings between the NLRB and state law.[2]

As stated in the report and recommendation, Congress has provided no guidance for determining when the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 141-97, preempts a court's jurisdiction over state-law causes of action, and, therefore, courts have "struggled to enunciate a governing theory and to apply it in particular cases." *Winfield v. Groen Div., Dover Corp.*, 890 F.2d 764, 766-67 (5th Cir. 1989). The general rule regarding preemption by the NLRB, commonly referred to as "*Garmon* preemption," comes from *San Diego Building Trade Council v. Garmon*, where the Supreme Court of the United States held that "[w]hen an activity is arguably subject to § 7 or § 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the [NLRB] if the danger of state interference with national policy

---

[2] Plaintiffs do not dispute that their defamation claims are *Garmon* preempted to the extent that they are not based on malice.

3

is to be averted." 359 U.S. 236, 245 (1959). The scope of *Garmon* is broad and "requires federal preemption of state causes of action 'if they attach liability to conduct that is arguably protected . . . or arguably prohibited' by federal labor relations law." *Kaufman v. Allied Pilots Ass'n*, 274 F.3d 197, 200-01 (5th Cir. 2001), *cert. denied*, 535 U.S. 1034 (2002) (quoting *Mobile Mech. Contractors Ass'n, Inc. v. Carlough*, 664 F.2d 481, 487 (5th Cir. 1981)).

When analyzing whether a claim is subject to *Garmon* preemption, courts have rejected a formulaic approach and have held that "the critical inquiry . . . is not whether the State is enforcing a law relating specifically to labor relations or one of general application[,] but whether the controversy presented to the state court is identical to . . . or different from . . . that which could have been, but was not, presented to the NLRB." *Winfield*, 890 F.2d at 767 (quoting *Sears, Roebuck & Co. v. San Diego Cty. Dist. Council of Carpenters*, 436 U.S. 180, 197 (1978)); *accord E.I. DuPont de Nemours & Co. v. Sawyer*, 517 F.3d 785, 792-93 (5th Cir. 2008); *see Kaufman*, 274 F.3d at 201 ("The Court has explicitly rejected a formalistic implementation of *Garmon* and invited a balancing of state interests and federal regulatory interests in analyzing the preemption question."). "That inquiry requires not only looking to the factual bases of each controversy, but also examining the interests protected by each claim and the relief requested." *E.I. DuPont de Nemours & Co.*, 517 F.3d at 792-93 (quoting *Sheet Metal Workers Local Union No. 54 v. E.F. Etie Sheet Metal Co.*, 1 F.3d 1464, 1469-70 (5th Cir. 1993)). Furthermore, the party claiming preemption bears the burden of showing that the challenged conduct is arguably subject to the NLRA. *Int'l Longshoremen's Ass'n, AFL-CIO v. Davis*, 476 U.S. 380, 396 (1986); *E.I. DuPont de Nemours & Co.*, 517 F.3d at 793.

*Garmon* preemption, however, has two recognized judicial exceptions. First, it does not preempt a court's jurisdiction over conduct that "touches interests so deeply rooted in local feeling and responsibility that . . . [the court] could not infer that Congress had deprived the States of the power to act." *Kaufman*, 274 F.3d at 201 (quoting *Garmon*, 359 U.S. at 244). Such interests include "laws prohibiting violence," defamation alleging malice, and intentional infliction of emotional distress. *Sears, Roebuck & Co.*, 436 U.S. at 204; *Linn v. Plant Guard Workers of Am., Local 114*, 383 U.S. 53, 64-65 (1966) ("We . . . limit the availability of state remedies for libel to those instances in which the complainant can show that the defamatory statements were circulated with malice and caused him damage."). Second, *Garmon* preemption does not prevent the Court from exercising jurisdiction "if the behavior to be regulated is behavior that is of only peripheral concern to the federal law . . . ." *Belknap, Inc. v. Hale*, 463 U.S. 491, 498 (1983); *accord Winfield*, 890 F.2d at 769 (finding that *Garmon* did not preempt employee's claims of breach of contract and fraud based on employer's "personal guarantee" of continued employment because those claims would require only a "discrete, narrow inquiry into the relationship between [the employee] and his former employer"); *Sears, Roebuck & Co.*, 436 U.S. at 200; *Farmers v. United Bhd. of Carpenters & Joiners of Am.*, 430 U.S. 290, 296-97 (1977); *Garmon*, 359 U.S. at 243-44.

Plaintiffs do not contest the determination that Walker's claims against the IBEW allege conduct that is arguably prohibited by the NLRA. Instead, they argue that Judge Giblin erred in finding that Walker's claims against the IBEW should be dismissed for the same reasons articulated in *Jones*. *See Local 926, Int'l Union of Operating Eng'rs, AFL-CIO v. Jones*, 460 U.S. 669, 682 (1983). They aver that Walker's case is more analogous to *Belknap*, wherein the

5

Supreme Court found that claims of breach of contract and misrepresentation against an employer brought by replacement workers, hired to replace a number of union members who went on strike, did not fall under either *Garmon* preemption or *Machinists* preemption.[3] *See* 463 U.S. at 498; *see also Machinists v. Wis. Emp't Relations Comm'n*, 427 U.S.132, 140 (1976). Regarding *Garmon* preemption, the Supreme Court determined that the dispute at issue was between the replacement workers and their employer and, thus, did not present an identical controversy to the one that would be before the NLRB, which would be between the striking union workers and the employer, and thus *Garmon* preemption did not apply. Walker further cites the United States Court of Appeals for the Fifth Circuit's decision in *Winfield*, wherein the court determined that *Garmon* preemption did not bar a plaintiff's breach of contract and fraud claims where the union had already filed charges before the NLRB, which had subsequently refused to issued a complaint. *Winfield*, 890 F.2d at 766.

In contrast to the *Belknap* and *Winfield* decisions, however, both of which were addressed in the report and recommendation, the heart of Walker's complaint against the IBEW is a labor dispute. He asserts that the entire, decades-long conspiracy to ruin his reputation and business stems from the IBEW's attempt to force him to join the union; when he refused, the IBEW allegedly masterminded an elaborate conspiracy in retaliation. Accordingly, the court agrees that *Jones*, which held that an employee's claims of tortious interference and civil conspiracy were *Garmon* preempted where the employee alleged that the union coerced his employer into breaching

---

[3] *Machinists* preemption "proscribes state regulation and state-law causes of action concerning conduct that Congress intended to be unregulated, . . . conduct that was to remain a part of the self-help remedies left to the combatants in labor disputes." *Belknap, Inc.*, 463 U.S. at 499 (citing *Machinists*, 427 U.S. at 140). This type of preemption is not at issue in this case.

6

his employment contract, is more applicable to Walker's case, and, thus, his claims are preempted for the reasons laid out therein. 460 U.S. at 682; *see* Doc. No. 240, at 10-12; *see also N.L.R.B. v. Servette, Inc.*, 377 U.S. 46, 50 (1964); *N.L.R.B. v. Int'l Union of Operating Eng'rs, Local 520, AFL-CIO*, 15 F.3d 677, 679 (7th Cir. 1994); *Cal-Fin*, 217 N.L.R.B. 871, 875 (1975); *Truck Drivers, Local 705*, 210 N.L.R.B. 210, 273 (1974).

Furthermore, the court rejects Walker's contention that it should assert jurisdiction over Walker's claims because some of the IBEW's purported conduct after its initial attempt to coerce Walker into joining the union "goes far beyond a union-member relationship and outside a 'labor dispute.'" In making this argument, Walker asks the court to distinguish between conduct purportedly undertaken to coerce Walker into joining the union and conduct allegedly undertaken purely in retaliation for his refusal. As was addressed in Judge Giblin's report and recommendation, a nearly identical argument was rejected by the Supreme Court in *Jones*. 460 U.S. at 682. Therefore, Walker's objection is overruled.

B. Vicarious Liability

Second, Plaintiffs object to Judge Giblin's determination that "the IBEW is not generally liable for the conduct of agents of IBEW 479," on the grounds that "Plaintiffs adequately pled acts committed by IBEW members as IBEW." They also argue that they should be allowed to conduct discovery and challenge the case law originally submitted by the IBEW in support of its motion to dismiss. This is the extent of their briefing on the issue. Judge Giblin, however, submitted detailed findings regarding each of Plaintiffs' defamation claims and thoroughly analyzed their sufficiency, including evaluation of the cases cited by Plaintiffs, and ultimately concluded that Plaintiffs had failed to plead facts under which the IBEW could be held liable for defamation.

After conducting a *de novo* review, the court agrees with Judge Giblin's findings and conclusions. Plaintiffs' objection is overruled.

    C.    <u>Statute of Limitations</u>

Walker next argues that his defamation claims are not time-barred because the single-publication rule does not apply to Internet publications under Texas law. As this court and Judge Giblin have previously addressed on several occasions, this argument is not supported by relevant case law. *See Hamad v. Ctr. for Jewish Cmty. Studies*, 265 F. App'x 414, 417 (5th Cir. 2008); *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 146 (5th Cir. 2007); *see also Cruz v. Van Sickle*, 452 S.W.3d 503, 518 n.20 (Tex. App.—Dallas 2014, no pet.); *Mayfield v. Fulhart*, 444 S.W.3d 222, 228-29 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

Additionally, Walker asserts that he is entitled to conduct discovery because "[h]ow and when IBEW and its members made defamatory statements is inherently undiscoverable and not a matter of public knowledge," presumably in an attempt to argue that Judge Giblin incorrectly determined that the discovery rule did not toll the accrual of Walker's defamation claims. Walker has not, however, advised the court how Judge Giblin's report and recommendation, which examined the applicability of the discovery rule in detail and determined that it was apparent on the face of the complaint that the discovery rule could not be applied to Walker's claims, was incorrect. Additionally, the court has conducted a *de novo* review of the issue and determined that Walker has not alleged timely defamation claims against the IBEW. Accordingly, Walker's objection is overruled.

D. Dismissal of Plaintiffs' RICO Claims Under Rule 12(c)

Plaintiffs also object to the entirety of Judge Giblin's findings that they failed to plead a number of elements of their various RICO claims.[4] Again, while Plaintiffs incorporate by reference their Fourth Amended Complaint and four of their responses to motions to dismiss filed by other defendants in this case, they make little effort to identify what out of Judge Giblin's approximately ten pages of findings and analysis concerning the sufficiency of Plaintiffs' RICO claims is erroneous, except to argue in largely conclusory fashion that they adequately pleaded the elements of enterprise, pattern of racketeering activity, and conspiracy.[5] The court has reviewed *de novo* Plaintiffs' RICO claims and finds Plaintiffs objections, such as they are, to be without merit. Nonetheless, the court finds it appropriate to address in more detail two specific issues raised by Plaintiffs.

Plaintiffs object to Judge Giblin's determination that Walker failed to allege an injury that was caused by the use or investment of racketeering income, as required for a claim under 18 U.S.C. § 1962(a). Walker alleges that the complaint pleads that the IBEW received income when "years of persecution" resulted in BISD's awarding an electrical services contract to an IBEW contractor instead of Walker. This is a new argument that was not presented to the magistrate judge, and, thus, is not properly before the court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001) ("We have held that issues raised for the first time in objections to the report of a

---

[4] Plaintiffs object to the recommended dismissal of their RICO claims under Rule 12(b)(6). To be clear, however, Judge Giblin recommended that their claims be dismissed under Rule 12(c), not Rule 12(b)(6).

[5] Plaintiffs do not even separate their arguments regarding the sufficiency of their pleadings of these elements by individual claim (Walker asserts three separate RICO violations and Haynes asserts two) or by Plaintiff.

9

magistrate judge are not properly before the district judge.") (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)); *Imperium (IP) Holdings, Inc. v. Apple, Inc.*, 920 F. Supp. 2d 747, 752 (E.D. Tex. 2013) ("[E]vidence and arguments presented for the first time upon objection to a report and recommendation need not be considered."). In his response to the IBEW's motion to dismiss, Walker did not contest the insufficiency of his claims under § 1962(a). He is, therefore, precluded from doing so now.

Furthermore, Walker's argument is without merit. To allege a violation under § 1962(a), Walker must show: (1) the existence of an enterprise; (2) the IBEW's derivation of income from a pattern of racketeering activity; and (3) the use of any part of that income in acquiring an interest in or operating the enterprise. *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 202 (5th Cir. 2015). Moreover, Walker must plead that he has suffered an injury that "flow[s] from the use or investment of racketeering income." *Nolen v. Nucentrix Broadband Networks Inc.*, 293 F.3d 926, 929-30 (5th Cir.), *cert. denied*, 537 U.S. 1047 (2002) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 441 (5th Cir. 2000)); *Crowe v. Henry*, 43 F.3d 198, 205 (5th Cir. 1995). The element regarding the use or investment of income derived from racketeering activity is completely missing from the complaint. It simply has not been pleaded. Additionally, Walker's new argument that the IBEW received income when BISD awarded an electrical services contract to an IBEW contractor instead of Walker relates to his claims of tortious interference, not his RICO claims. Civil torts do not constitute RICO predicate acts. *See* 18 U.S.C. § 1961(1) (defining racketeering activity). Thus, Walker's objection is overruled.

For the same reason, Plaintiffs' objection to the finding that they failed to allege damages resulting from any of their claimed RICO violations is also overruled. Civil recovery for RICO violations is governed by § 1964(c), which provides: "Any person injured in his business or property by reason of a violation of section § 1962 of this chapter may sue therefore . . . and shall recover threefold the damages he sustains." 18 U.S.C. § 1964(c). This provision requires that a plaintiff plead that he suffered an injury proximately caused by a RICO violation under § 1962. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 453 (2006); *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 268 (1992).

As previously noted, Walker did not contest the invalidity of his § 1962(a) claim. He objects now, however, that the complaint alleges that the IBEW interfered with his contract and made defamatory statements that caused him to lose a number of business opportunities, and, thus, Judge Giblin erred in finding that Walker had not pleaded an injury under RICO. A *de novo* review of the issue requires that the court overrule Walker's objection. Defamation and tortious interference are civil tort claims. They are not actionable under RICO. *See* 18 U.S.C. § 1961(1). Finally, Haynes has not alleged any damages at all caused by the IBEW and does not identify any in her objections. Thus, Plaintiffs' objections are overruled.

E.     Joint and Several Liability

Finally, Plaintiffs object that the IBEW cannot be dismissed from this case even if the court grants the IBEW's motion to dismiss because Plaintiffs have alleged civil and RICO conspiracy, and, therefore, the IBEW is jointly and severally liable for the actions of all other defendants. Because the court finds that Walker's civil conspiracy claim against the IBEW must be dismissed

pursuant to *Garmon* preemption and Plaintiffs' RICO conspiracy claims against the IBEW must be dismissed under Rule 12(c), this argument is without merit. Plaintiffs' objection is overruled.

## II.     Leave to Amend

Generally, however, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibly result in dismissal of the complaint with prejudice to refiling); *accord Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003); *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 675-76 (2d Cir. 1991); *see Johnson v. Teva Pharm. USA, Inc.*, 758 F.3d 605, 610 (5th Cir. 2014) (noting that motions to dismiss under Rule 12(c) are governed by the same standards applicable to motions under Rule 12(b)(6)).

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.

*Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989).

Where, however, a claim is frivolous or the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *see Neitzke*, 490 U.S. at 327-28; *Hart*, 199 F.3d at 248 n.6. Moreover, when the plaintiff declares the sufficiency of his pleadings and makes no attempt to amend his complaint in response to the defendant's challenge pursuant to Rule 12(b)(6), dismissal is proper when the plaintiff's allegations fail to state a claim for which relief can be granted. *See Rosenblatt*

*v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010); *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997). In addition, a plaintiff should not be granted leave to amend after being afforded repeated opportunities to do so. *See Torch Liquidating Trust ex rel. Bridge Assoc. L.L.C. v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (finding that plaintiff had ample opportunity to cure noted defects through a prior amendment); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004) (noting that "pleading review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right"); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (holding leave to amend was properly denied where the relator had previously filed two amended complaints). Furthermore, "where a proposed amendment would be a futile act, a court does not abuse its discretion in denying leave to amend." *SB Int'l, Inc. v. Jindal*, No. 3:06-CV-1174-G, 2007 WL 2410007, at *3 (N.D. Tex. Aug. 23, 2007) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

"Whether leave to amend should be granted is entrusted to the sound discretion of the district court." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir.), *cert. denied*, 537 U.S. 1044 (2002) (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)). "Federal Rule of Civil Procedure 15(a) requires the trial court to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Id.* (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir. 1982), *cert. denied*, 464 U.S. 814 (1983)); *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009) ("[T]here is a strong presumption in favor of granting leave to amend . . . ."). A district court may, however, refuse leave to amend if the complaint as amended would be subject to

13

dismissal. *Ackerson*, 589 F.3d at 208; *see Yee v. Baldwin-Price*, 325 F. App'x 375, 380 (5th Cir. 2009) ("Leave to amend may be denied on the basis of futility.").

Here, Plaintiffs seek an opportunity to amend their complaint once again to cure any defects, but it appears that additional amendments would be unavailing in this situation. Plaintiffs have amended their complaint four times since July 16, 2015, and the court has issued numerous dispositive orders in the matter. They have been afforded ample opportunity to rectify any pleading defects. *See Adrian*, 363 F.3d at 404 (opining that the district court did not abuse its discretion by denying leave to amend where the plaintiff did not indicate "what additional facts he could plead that would correct the deficiencies in his previous complaints"). Therefore, at this juncture, dismissal of the complaint for failure to state a claim is warranted.

III.  Conclusion and Order

For the foregoing reasons, the court ORDERS that Judge Giblin's Report and Recommendation on International Brotherhood of Electrical Workers' Motion to Dismiss (#240) is ADOPTED in its entirety. Plaintiffs' Objections (#247) are OVERRULED. The court further ORDERS that the IBEW's Motion for Judgment on the Pleadings and to Dismiss for Lack of Subject Matter Jurisdiction (#127) is GRANTED IN PART and DENIED IN PART, as set forth in the report and recommendation. Specifically, Walker's claims of tortious interference, civil conspiracy, and defamation not based on malice are DISMISSED based on the preemption of these claims by the exclusive jurisdiction of the NLRB. Walker's claims of defamation based on malice and all of Plaintiffs' claims under RICO are DISMISSED in their entirety, with prejudice, under Rule 12(c).

Therefore, because this order dispenses with all of Plaintiffs' claims against the IBEW, the IBEW is DISMISSED as a party to this case.

SIGNED at Beaumont, Texas, this 6th day of July, 2016.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE