## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **CALVIN GARY WALKER,** | § | |
| **WALKER'S ELECTRIC, WALKERS** | § | |
| **ELECTRIC, and JESSIE HAYNES** | § | |
| | § | |
| **V.** | § | **CIVIL CAUSE NO. 1:15-CV-00379-MAC** |
| | § | |
| **IBEW, IBEW 479, Beaumont** | § | |
| **Independent School District, Wayne** | § | |
| **Reaud, et al.** | § | |

### DEFENDANT, DUWAYNE HERMANN, JR.S'
### MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
### UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(c)

TO THE HONORABLE U.S. DISTRICT JUDGE OF SAID COURT:

Defendant herein, Duwayne Hermann, Jr. ("Hermann") hereby brings this Motion to Dismiss for Lack of Subject Matter Jurisdiction and Under Federal Rules of Civil Procedure 12(c) and ask this Court to dismiss the claims against him and would respectfully show this Honorable Court the following:

### Facts as Stated in Plaintiffs' Petition

1.      This Court is well aware of the various facts that are alleged against the Defendants in this case including the facts alleged against Hermann who is alleged to be an agent of the International Brotherhood of Electrical Workers of Local No. 479 ("IBEW 479"), as well as identical facts alleged against International Brotherhood of Electrical Workers ("IBEW") itself.  This Court has already entered a Report and Recommendation to dismiss IBEW and that Report was adopted by the United States District Court.  The Report and Recommendation is attached to this Motion as Exhibit "A" and the Order adopting the Report and Recommendation is attached hereto as Exhibit "B".

2.      Undersigned counsel represents Defendant, Duwayne Hermann, Jr. ("Hermann"), who is also alleged to be an agent of IBEW 479. Unlike the other individual IBEW 479 Defendants that have brought a separate Motion to Dismiss, Hermann denies that Hermann was ever an agent of IBEW 479 and there is no evidence or pleadings by Plaintiffs which would establish Hermann was acting as an agent of IBEW 479. However, even if Hermann were an agent (assuming Plaintiffs' arguments are true) based on this Court's prior rulings he must still be dismissed and any claims attributed by Hermann to IBEW 479 should also be dismissed for reasons already stated by this Court in its prior ruling attached hereto and incorporated by reference herein.

3.      Some the alleged facts by Plaintiffs against Hermann are as follows:

(1)     Plaintiffs' claim that Hermann, as an IBEW Member, "turned to allies, Defendant Cory Crenshaw and Defendant Malcolm Bales for assistance." *See* Paragraph 72 of Plaintiffs' Fourth Amended Complaint.

(2)     Plaintiffs' claim that Hermann "worked closely with the government to indict Mr. Walker." *See* Paragraph 73 of Plaintiffs' Fourth Amended Complaint.

(3)     Plaintiffs' claim that Hermann told Luke Stevens that "the AUSA's office and the FBI were giving him all the information and he closely worked with them to get Mr. Walker indicted." *See* Paragraph 73 of Plaintiffs' Fourth Amended Complaint.

(4)     Plaintiffs' claim that Hermann had "told Mr. Stevens that the indictment was about to be issued and he gloated that it was in part

2

the result of his work with the FBI and AUSA's office." *See* Paragraph 75 of Plaintiffs' Fourth Amended Complaint.

(5)    Plaintiffs do not allege that Hermann made any public statements, nor any statements to TDLR regarding the alleged investigation and make no attempt to link Hermann to anyone in the alleged conspiracy.

4.    Previously, this Court has dismissed the following Defendants from this matter: Wayne Reaud, Jennifer Johnson, Don Dodd, The Examiner Corporation, Jerry Jordan, Michael Getz, Jonathan Cassidy, Malcolm Bales, Cory Crenshaw and IBEW. This Court should dismiss the undersigned Defendants as well.

5.    Defendants, IBEW 479, David Gonzales ("Gonzales"), Steven Lisle ("Lisle"), and Chris Kibbe ("Kibbe") have filed a similar Motion to Dismiss.

### Plaintiffs' Claims for Tortious Interference, Civil Conspiracy and Defamation to the Extent Not Based on Malice Should be Dismissed Due to Preemption Under the NLRA and for Failure to State a Claim

6.    Plaintiffs' claims for tortious interference, civil conspiracy and defamation to the extent not based on malice as to Hermann are identical to the claims made against IBEW who has already been dismissed from this action. To the extent that the allegations against Hermann are that he is an agent of IBEW 479, then Plaintiffs' claims fail as ruled by this Court in the attached Report and Recommendation. To the extent that the allegations against Hermann are separate and apart from any alleged connection to IBEW 479, then Plaintiffs' claim should be dismissed because they have failed to state a claim.

7.    The Court should dismiss the claims against Hermann due to preemption under the NLRA. *See Local 926, Int'l Union of Operating Eng'rs, AFL-CIO v. Jones*, 460

3

U.S. 669, 682 (1983); *See also San Diego Building Trade Council v. Garmon*, 359 U.S. 236, 245 (1959).

8.      It would be a duplicative waste of judicial resources to reiterate the arguments already made by IBEW in its Motion to Dismiss, therefore Hermann hereby adopts the Motion to Dismiss by IBEW in its entirety as if it was his own and also adopts the Report and Recommendation by this Court and the Order adopting same.

9.      This Court has already ruled that the stated claims against IBEW for tortious interference, civil conspiracy and defamation to the extent not based on malice, should be dismissed based on preemption by the NLRA. *See* Report and Recommendation, Page 12.

10.      There is no difference between IBEW and Hermann (with respect to Plaintiffs' allegations) and this Court should grant this Motion to Dismiss.

## Plaintiffs' Claims for Defamation Based on Malice and All Claims Under RICO Should be Dismissed Under FRCP 12(c)

11.      Plaintiffs' claims for defamation are barred by the statute of limitations and Plaintiffs have failed to plead facts against Hermann that would subject Hermann to liability.  For the same reasons as this Court found on Page 18-19 of its Report and Recommendation, Plaintiffs' facts (as to  Defendant Hermann) are not plead sufficiently to determine what course of action can be held against Hermann, or if Hermann was ever an agent of IBEW 479.

12.      Furthermore, as this Court has already found, all of the alleged statements and acts are all time barred even if all of the acts of all of the individuals (including Hermann) were said to be acting on behalf of IBEW 479.

13.    Furthermore, this Court has already found that any claim arising from Hermann's statements in April 2013 are also time barred per the Court's ruling. *See* Report and Recommendation, Page 25.

14.    This Court should dismiss all RICO claims under 1962(a) and (c) against Hermann for Plaintiffs' failure to plead the existence of a RICO enterprise as this Court has already found on Report and Recommendation, Page 28. This Court has already found that Plaintiffs have failed to plead a pattern of racketeering activity. *See* Report and Recommendation, Page 32.

15.    Jessie Haynes has failed to plead either an enterprise or a pattern of racketeering activity necessary to support a substantive RICO claim, as this Court has already held. *See* Report and Recommendation, Page 32.

16.    This Court should dismiss the RICO claims for Plaintiffs' failure to allege that they have suffered damages, as this Court has already held. *See* Report and Recommendation, Page 34.

17.    This Court should dismiss Plaintiffs' claims for RICO conspiracies because they have failed to plead them, as this Court has held. *See* Report and Recommendation, Page 34.

18.    This Court should adopt the Report and Recommendation as to Hermann and dismiss Plaintiffs' claims in their entirety against Hermann with prejudice.

WHEREFORE PREMISES CONSIDERED, Defendant, Duwayne Hermann, Jr., requests that this Court dismiss the claims against him and for such other relief, at law or in equity, to which Defendant may be justly entitled to receive.

5

Respectfully submitted,
**SNIDER LAW FIRM, PLLC**

_____
Wyatt D. Snider
State Bar No. 24039185
3535 Calder, Suite 300
Beaumont, Texas 77706
409.924.9595 - Telephone
409.924.0808 - Fax
wyatt@sniderlawfirm.com
COUNSEL FOR DUWAYNE
HERMANN, JR.

## CERTIFICATE OF SERVICE

I certify that on the 25th day of July, 2016, this document was served upon all counsel of record by the Court's ECF system.

_____
Wyatt D. Snider

6