| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| CALVIN GARY WALKER, WALKER'S ELECTRIC, WALKERS ELECTRIC, and JESSIE HAYNES, § § § § § Plaintiffs, § § *versus* § § BEAUMONT INDEPENDENT § SCHOOL DISTRICT, AARON § COVINGTON, LEROY SALEME, *et al.*, § § Defendants. § | CIVIL ACTION NO. 1:15-CV-379 |

**ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pending before the court is Plaintiff Jessie Haynes's ("Haynes") Objections to Magistrate Judge's Report and Recommendation on Defendant Michael Getz's ("Getz") Motion to Dismiss (#203). The court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial motions (#55). On July 13, 2016, Judge Giblin issued a Report and Recommendation (#250), wherein he recommended that the court grant Getz's motion and dismiss Haynes's remaining claims against Getz under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (d) that were originally filed in her separate action, *Haynes v. Crenshaw*, Civ. Action No. 1:15-CV-437 and consolidated with the present action. Haynes filed timely objections (#257). The court has reviewed Haynes's objections and concludes that they are without merit. Therefore, the court adopts the report and recommendation of the magistrate judge.

The factual and procedural history of this case were laid out in detail in Judge Giblin's Report and Recommendation and will not be repeated here. Haynes objects to five of Judge Giblin's recommendations and maintains that (1) she adequately pleaded the existence of a RICO enterprise; (2) Getz participated in that enterprise; (3) she pleaded a pattern of racketeering activity; (4) she suffered an injury proximately caused by a RICO violation; and (5) because she adequately pleaded a substantive RICO violation, her claims under § 1962(d) should not be dismissed.

The court notes, however, that Haynes's continued opposition to the dismissal of her claims in No. 1:15-CV-437 contradicts her counsel's express representation to the court that she "no longer intends to pursue the claims in the above[-]styled case but is pursuing these claims in the companion case [No. 1:15-CV-379]." Doc. No. 204, at ¶ 9. Haynes's claims remaining in No. 1:15-CV-437 are therefore dismissed on the basis of this representation. Furthermore, even considering the merits of Getz's motion and Haynes's objections, the court finds that Haynes's remaining claims should be dismissed.

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *accord Bank of America, N.A. v. Ingram*, No. 1:12-cv-55, 2012 WL 2524274, at *1 (E.D. Tex. June 29, 2012);

*Flynn v. State Farm Fire & Cas. Ins. Co. (Tex.)*, 605 F. Supp. 2d 811, 813 (W.D. Tex. 2009); *Savage v. Barnhart*, 372 F. Supp. 2d 922, 924 n.1 (S.D. Tex. 2005). Here, the court has undertaken a *de novo* review of the report and recommendation and concludes that Plaintiffs' objections are without merit.

I.  Discussion

   A.  Enterprise

Haynes objects in a purely conclusory manner that Judge Giblin erroneously found that she had not pleaded the existence of a RICO enterprise, as required for her claim of RICO racketeering under 18 U.S.C. § 1962(c). Haynes has not identified any particular error in Judge Giblin's findings or analysis of this issue, and, therefore, her objection is overruled. Moreover, the court has examined the pleadings *de novo* and concludes that Haynes has not pleaded the existence of a RICO enterprise. Additionally, because she has not pleaded the existence of a RICO enterprise, her objection to the finding that she has also failed to plead that Getz "participate[d], directly or indirectly, in the conduct of the enterprise's affairs" is also overruled. 18 U.S.C. § 1962(c).

   B.  Pattern of Racketeering Activity

Haynes asserts in a conclusory manner that Judge Giblin incorrectly determined that she had failed to plead a pattern of racketeering activity.[1] Specifically, Haynes argues that Judge Giblin should have considered as RICO racketeering activity "statements directed at Haynes disparaging her reputation and mocking her professional role as BISD spokesperson" as well as

---

[1] Haynes based her objections on her claims as they are pleaded in No. 1:15-CV-379, while Judge Giblin's report and recommendation is based on the presentation of these claims in No. 1:15-CV-437. Regardless, Haynes's pleadings against Getz are identical in both complaints.

3

"his engagement in a protracted campaign to disparage her." She also maintins that the alleged assault by Defendant Michael Neil ("Neil") constitutes a RICO predicate act, as well as the purported "retaliation against a victim of a crime" resulting from Defendant Cory Crenshaw ("Crenshaw") speaking to the prosecutor in Haynes's case and telling him to "say certain things or act a certain way during the prosecution."[2] Finally, Haynes asserts that members of the conspiracy threatened her with "criminal and/or administrative repercussions" in violation of 18 U.S.C. §§ 1511, 1512, and 1513.

Haynes's argument is totally without merit. Section 1961(1) provides the exclusive list of conduct that constitute RICO predicate acts. 18 U.S.C. § 1961(1); *Zastrow v. Houston Auto Imps. Greenway Ltd.*, 789 F.3d 553, 559 (5th Cir. 2015). Civil torts such as defamation are not included. With regard to 18 U.S.C. § 1511, this statute is inapplicable to Haynes's claims, as it prohibits "two or more persons . . . conspir[ing] to obstruct the enforcement of the criminal laws of a State or political subdivision thereof, *with the intent to facilitate an illegal gambling business* . . ." (emphasis added). There are no gambling activities associated with this complaint. Sections 1512 and 1513 are likewise inapplicable because they are restricted to "official proceedings," which are defined by statute solely to mean proceedings before federal, bankruptcy, or United States Tax Courts. 18 U.S.C. § 1515. All of Haynes's proceedings occurred in Texas state courts. Accordingly, Haynes's objection is overruled.

---

[2] Haynes seems confused by her own criminal history, as she argues that Crenshaw, who has already been dismissed from this case on the basis of prosecutorial immunity, spoke to the "federal prosecutor" overseeing her case. In reality, Haynes was convicted in state court, and her conviction was affirmed on appeal. *Haynes v. State*, No. 09-14-00240-CR, 2015 WL 9211749, at *12 (Tex. App.—Beaumont Dec. 23, 2015, pet. ref'd).

C.  RICO Injury

Similarly, Haynes argues that Judge Giblin incorrectly found that she had failed to alleged an injury proximately caused by a RICO violation. Specifically, she argues that she was assaulted and had her reputation destroyed through "relentless online and in-person campaigns." Additionally, she alleges that Getz and other members of the conspiracy falsely accused her of faking an injury after the alleged assault and of defrauding BISD.

Section 1964(c) states, "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore . . . and shall recover threefold the damages he sustains." 18 U.S.C. § 1964(c). This provision requires a plaintiff to prove that his injury was proximately caused by a RICO violation under § 1962. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 453 (2006); *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 268 (1992). After a *de novo* review, the court concurs with Judge Giblin's recommendation. Assault under Texas law, defamation, and harassment are not RICO violations. 18 U.S.C. § 1961. Thus, any injury Haynes may have suffered as a result of these purported acts was not, as a matter of law, proximately caused by a violation of § 1962. Haynes's objection is overruled.

D.  RICO Conspiracy

Because the court finds that Haynes's substantive RICO claim under § 1962(c) should be dismissed, her objection to the dismissal of her claim under § 1962(d) is also overruled. *See, e.g., Nolen v. Nucentrix Broadband Networks, Inc.*, 293 F.3d 926, 930 (5th Cir.), *cert. denied*, 537 U.S. 1047 (2002) (dismissing a claim under § 1962(d) when plaintiff failed to plead a violation of § 1962(a), (b), or (c)).

II.  Leave to Amend

Generally, however, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibly result in dismissal of the complaint with prejudice to refiling); *accord Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003); *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 675-76 (2d Cir. 1991). Where, however, a claim is frivolous or the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *see Neitzke Neitzke v. Williams*, 490 U.S. 319, 327-29 (1989); *Hart*, 199 F.3d at 248 n.6. Moreover, when the plaintiff declares the sufficiency of her pleadings and makes no attempt to amend her complaint in response to the defendant's challenge pursuant to Rule 12(b)(6), dismissal is proper when the plaintiff's allegations fail to state a claim for which relief can be granted. *See Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010); *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997). In addition, a plaintiff should not be granted leave to amend after being afforded repeated opportunities to do so. *See Torch Liquidating Trust ex rel. Bridge Assoc. L.L.C. v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (finding that plaintiff had ample opportunity to cure noted defects through a prior amendment); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004) (noting that "pleading review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right"); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (holding leave to amend was properly denied where the relator had previously filed two

amended complaints). Furthermore, "where a proposed amendment would be a futile act, a court does not abuse its discretion in denying leave to amend." *SB Int'l, Inc. v. Jindal*, No. 3:06-CV-1174-G, 2007 WL 2410007, at *3 (N.D. Tex. Aug. 23, 2007) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

"Whether leave to amend should be granted is entrusted to the sound discretion of the district court." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir.), *cert. denied*, 537 U.S. 1044 (2002) (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)). Here, Haynes seeks an opportunity to amend her complaint once again to cure any defects, but it appears that additional amendments would be unavailing in this situation. Haynes has amended her complaint twice since No. 1:15-CV-437 was filed on July 30, 2015, and four times in No. 1:15-CV-379. Additionally, several hearings have been held in this matter, and the court has ruled on numerous dispositive motions. Haynes has been afforded ample opportunity to recitify any pleading defects. *See Adrian*, 363 F.3d at 404 (opining that the district court did not abuse its discretion by denying leave to amend where the plaintiff did not indicate "what additional facts he could plead that would correct the deficiencies in his previous complaints"). Therefore, at this juncture, dismissal of the complaint for failure to state a claim is warranted.

III.    Conclusion

For the foregoing reasons, the court ORDERS that the report and recommendation (#250) is ADOPTED. Haynes's objections (#257) are OVERRULED. Based on these findings, the court further ORDERS that Getz's motion to dismiss (#203) is GRANTED. Haynes's RICO claims as originally asserted in No. 1:15-CV-437 are DISMISSED in their entirety, with prejudice.

7

SIGNED at Beaumont, Texas, this 8th day of August, 2016.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE