| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| CALVIN GARY WALKER, WALKER'S ELECTRIC, WALKERS ELECTRIC, and JESSIE HAYNES, | § § § § | |
| Plaintiffs, | § § | |
| versus | § § | CIVIL ACTION NO. 1:15-CV-379 |
| BEAUMONT INDEPENDENT SCHOOL DISTRICT, AARON COVINGTON, LEROY SALEME, *et al.*, | § § § § § | |
| Defendants. | § | |

**ORDER ON REPORT AND RECOMMENDATION**

Pending before the court is Magistrate Judge Keith Giblin's Report and Recommendation (#296) on Defendants Bob Rawls ("Rawls"), Deanna Stevens ("Stevens"), and Timothy Brewer's ("Brewer") (collectively, the "Federal Defendants") Motion to Dismiss for Lack of Subject Matter Jurisdiction, for Failure to State a Claim, and for Insufficient Service of Process (#211). The court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial motions (#55). On March 3, 2017, Judge Giblin issued the instant report and recommendation, in which he recommended that the court grant the Federal Defendants' motion. Plaintiffs timely filed objections (#298) to the magistrate judge's report and recommendation. The court has reviewed those objections and concluded that they are without merit.

I. Discussion

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *accord Bank of America, N.A. v. Ingram*, No. 1:12-cv-55, 2012 WL 2524274, at *1 (E.D. Tex. June 29, 2012); *Flynn v. State Farm Fire & Cas. Ins. Co. (Tex.)*, 605 F. Supp. 2d 811, 813 (W.D. Tex. 2009); *Savage v. Barnhart*, 372 F. Supp. 2d 922, 924 n.1 (S.D. Tex. 2005). Here, the court has undertaken a *de novo* review of the report and recommendation and concludes that the objections must be overruled.

First, as noted by the magistrate judge, Plaintiff Jessie Haynes ("Haynes") voluntarily dismissed all claims against the Federal Defendants (#265). Accordingly, the report and recommendation pertained only to the claims of Plaintiffs Calvin Gary Walker ("Walker") and his two companies, Walker's Electric and Walkers Electric (collectively, the "Walker Plaintiffs").

Regarding the objections themselves, the Walker Plaintiffs first oppose the dismissal of any official-capacity claims against Rawls, asserting that, under Texas law, official-capacity claims are not treated as a suit against the government when an employee is sued for an *ultra vires* act. The magistrate judge found that the Walker Plaintiffs' claims against Rawls in his official capacity as a federal prosecutor must be dismissed because such claims must be treated as claims against the

United States, and the Walker Plaintiffs had identified no waiver of sovereign immunity. *See Todd v. Hank*, 263 F.3d 162, 162 (5th Cir. 2001) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985)). The Walker Plaintiffs now maintain that sovereign immunity does not prohibit their claims against Rawls in his official capacity because they have successfully pleaded the *ultra vires* exception to governmental immunity under Texas law. *See Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 161 (Tex. 2016).

The Walker Plaintiffs' objection is misguided, however, as Rawls is a federal employee. Accordingly, the Walker Plaintiffs are required to identify a waiver of the sovereign immunity of the United States, not the State of Texas. Texas law's *ultra vires* exception to state sovereign immunity is irrelevant to this issue. *See Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 393 (Tex. 2011) ("A suit against a *state official* for acting outside his authority is not barred by sovereign immunity.") (emphasis added). Therefore, this objection is overruled.

Next, the Walker Plaintiffs assert that the magistrate judge should not have granted Rawls absolute immunity from the Walker Plaintiffs' state law claims pursuant to 28 U.S.C. § 2679(b)(1). The Walker Plaintiffs' objection essentially repeats the argument they made before the magistrate judge, and, after *de novo* review of the issue, the court concurs with the magistrate judge's analysis and conclusions.[1] This objection is also overruled.

Third, the Walker Plaintiffs assert that Stevens and Brewer should not be afforded absolute immunity under 28 U.S.C. § 2679(b)(1) because several of their alleged acts were illegal, *ultra*

---

[1] As to the Walker Plaintiffs' argument that some of Rawls's actions were taken after Walker was found not guilty of fraud, the court would clarify that Walker's federal criminal prosecution resulted in a mistrial and subsequent plea agreement. According to Plaintiffs' own complaint and government records available to the court, Walker was never found not guilty or acquitted of fraud.

3

*vires* acts. Again, the *ultra vires* exception to governmental and sovereign immunity under Texas law does not address the immunity of federal employees under federal law. This objection is overruled.

Fourth, the Walker Plaintiffs argue that Rawls should not be granted prosecutorial immunity from claims asserted under the Racketeering Influenced and Corrupt Organizations Act ("RICO") because his acts of tortious interference and defamation against Walker were not taken pursuant to his role as a prosecutor. Nonetheless, as the court has held numerous times previously in this case, tortious interference and defamation are not RICO predicate acts. The magistrate judge's findings of prosecutorial immunity did not pertain to those state common law claims, but to the Walker Plaintiffs' RICO claims. Moreover, the court finds that the magistrate judge correctly found that Rawls's encouragement of Beaumont Independent School District ("BISD") to seek restitution against Walker was associated with his role as a judicial officer. *Stone v. Fahey*, No. 4:13-CV-332-A, 2013 WL 3356399 at *3 (N.D. Tex. July 3, 2013) (extending prosecutorial immunity to restitution orders). The Walker Plaintiffs' further assertion that Rawls did so despite BISD's own finding that Walker had not defrauded it and Walker's own recommendation that BISD not seek restitution does not change the appropriateness of prosecutorial immunity. *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (explaining that a prosecutor is entitled to absolute immunity even when he acts maliciously, wantonly, or negligently); *accord Rodriguez v. Lewis*, 427 F. App'x 352, 353 (5th Cir. 2011). Thus, this objection is overruled.

Finally, the Walker Plaintiffs object to the magistrate judge's finding that Stevens and Brewer are entitled to qualified immunity against the Walker Plaintiffs' RICO claims because the

Walker Plaintiffs failed to assert any RICO claims. The Walker Plaintiffs' objections repeat their arguments made before the magistrate judge, and the court finds that the magistrate judge correctly analyzed these issues.[2] Accordingly, the objections are overruled.

II.     Conclusion and Order

For the foregoing reasons, the court ORDERS that Judge Giblin's Report and Recommendation (#296) is ADOPTED in its entirety. The Walker Plaintiffs' Objections (#298) are OVERRULED. The court further ORDERS that the Federal Defendants' motion to dismiss (#211) is GRANTED, as set forth in the report and recommendation.

Furthermore, because this order dispenses with all of Plaintiffs' claims remaining against Bob Rawls, Deanna Stevens, and Timothy Brewer, these defendants are DISMISSED as parties to this case.

All parties are advised, however, that this order is merely a memorandum order on the Federal Defendants' motion to dismiss and does not constitute a final judgment for purposes of appeal. The court will enter final judgment in this case once the court considers the remaining outstanding motions.

---

[2] With respect to the Walker Plaintiffs' assertion that they requested injunctive relief against all defendants, including the Federal Defendants, this is not accurate. The issue of whether the Fourth Amended Complaint requested injunctive relief was addressed and rejected by the magistrate judge in a prior report and recommendation, which was then adopted by this court. Doc. Nos. 263, 276.

SIGNED at Beaumont, Texas, this 28th day of March, 2017.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE